James **BROOKE**, Appellant,

v.

The **FAMILY COURT OF** the **STATE OF NEW YORK, COUNTY OF BROOME,**
Appellee.

No. 357, Docket 34051.

United States Court of Appeals Second Circuit.

Submitted Dec. 10, 1969.

Decided Dec. 18, 1969.

Certiorari Denied March 23, 1970.
See 90 S.Ct. 1148.

Paul Taylor, Binghamton, N. Y. (Broome Legal Assistance Corporation, Binghamton, N. Y., of counsel), submitted brief for appellant.

Irving L. Rollins, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirschowitz, First Asst. Atty. Gen., of counsel), submitted brief for appellee.

Before MOORE and KAUFMAN, Circuit Judges, and RYAN, District Judge.*

PER CURIAM:

James Brooke appeals from a denial of his application for a three-judge court

* Of the Southern District of New York, sitting by designation.

pursuant to 28 U.S.C. § 2281 (1964).[1] On August 11, 1969, the Family Court of Broome County, New York, sentenced Brooke to three months in jail for failure to make support payments to his former wife. As is common practice in such instances, Brooke was given the opportunity to make the support payments ($15 per week, plus $5 arrears per week) in lieu of serving the sentence. Four days later plaintiff sought convocation of a three-judge federal district court to enjoin enforcement of the statute on the ground that it violated his constitutional right to equal protection of the laws.[2] The basic claim in Brooke's complaint was that jailing an individual who was on public assistance, out of work, and had a history of alcoholism (all conditions applying to him), violated the equal protection clause of the constitution. His contention is grounded on the argument that those with a sufficient income would not be in arrears, would not be in contempt, and would thus never be subject to imprisonment as a result of non-payment of court-ordered support. Judge Foley in the District Court for the Northern District of New York denied the application.

A similar contention was before this court in United States ex rel. Griffin v. Martin, 409 F.2d 1300 (1969). There we said,

"While we do not quarrel with his contention, citing Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), that the rich and the poor are entitled to equal justice before the law, no attempt has ever been made by Griffin to explain or justify his disobedience, or to show that he was or is financially unable to comply with the $25-a-week order." 409 F.2d at 1302.

Here the defect is no less fatal. Brooke has failed to allege that he was not willful in refusing to comply with the order of the Family Court. The New York statutory framework applicable to the Family Court clearly contemplates imprisonment only when the contempt is willful.[3] In the absence of an allegation that his contempt was not willful, and an indication that he is prepared to prove such allegation, we are compelled by Griffin to regard Brooke's complaint insufficient as a matter of law.

The decision of the District Court is affirmed.

1. § 2281. Injunction against enforcement of State statute; three-judge court required

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

2. Brooke also sought an ex parte restraining order, which Judge Foley denied. He does not contest that determination.

3. The Family Court Act provides that violation of its order shall be considered civil or criminal contempts only in the circumstances specifically provided. New York Family Court Act § 156 (McKinney 1963); see also New York Judiciary Law § 753(A) (3) (McKinney's Consol. Laws, c. 30, 1968).

The specific provision granting the Family Court power to imprison is § 454 (McKinney 1963):

§ 454: Powers on failure to obey order

If a respondent is brought before the court for failure to obey any lawful order issued under this article and if, after hearing, the court is satisfied by competent proof that the respondent has failed to obey any such order, the court may

(a) commit the respondent to jail for a term not to exceed six months, if the failure was willful.