**Alfred AVINS, Plaintiff-Appellant,**

v.

**Robert J. MANGUM, as Chairman, State Commission for Human Rights, and State University of New York, Defendants-Appellees.**

No. 92, Docket 71-1507.

United States Court of Appeals, Second Circuit.

Argued Oct. 4, 1971.

Decided Nov. 8, 1971.

Moore, Circuit Judge, concurred and filed an opinion.

Alfred Avins, New York City, appellant pro se.

Daniel M. Cohen, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, on the brief), for defendants-appellees.

Before MOORE, HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York granting summary judgment to defendants in an action in which plaintiff sought to enjoin defendants from actions which plaintiff alleged were in violation of his constitutional rights and also sought a

declaratory judgment holding unconstitutional certain sections of the New York Executive Law. We affirm the judgment of the district court but grant permission to plaintiff to seek leave to file an amended complaint.

The gravamen of plaintiff's complaint is that he was denied an appointment to the faculty of the Buffalo Law School of the State University of New York solely on the ground of his political beliefs. Plaintiff also alleges that the sections of the New York Executive Law which empower the State Commission Against Discrimination to proceed against discriminatory practices based on race, creed, color or national origin are unconstitutional because they do not, in addition, inhibit discrimination based upon political beliefs.

■ The district court dismissed plaintiff's complaint on the ground that in an action brought in the courts of New York, the state court (see Avins v. Gould, 35 App.Div.2d 1043, 316 N.Y.S.2d 560 (3rd Dept.1970)) found no evidence of political discrimination and that "such a factual determination usually is controlling in a subsequent civil rights action growing out of the same incident." However the record indicates that no such factual finding was made by any New York tribunal except, perhaps, the State Commission for Human Rights which, however, dismissed plaintiff's complaint on the ground that it had no jurisdiction. The plaintiff is, therefore, not estopped by any former adjudication of the issue he now seeks to present.

■ While on the present record we do not find it necessary to decide the constitutional question pressed upon us by plaintiff, it does not seem to us to be impossible to argue that a denial of employment in a state supported institution, where it is alleged that the denial is based wholly on an applicant's holding of at least some types of political views, could pose an issue of deprivation of constitutional rights. See Keyishian v. Board of Regents, 385 U.S. 589, 603, 87

S.Ct. 675, 17 L.Ed.2d 629 (1967), cited by the district court in the present case. However, plaintiff has failed to present that issue because his complaint with respect to the law school's failure to employ him is wholly conclusory and alleges no facts on which a court could find that the refusal of employment was, as he states, solely based on his political beliefs. In this respect the complaint fails to state a claim on which relief can be granted and must therefore be dismissed as insufficient in law. See Birnbaum v. Trussel, 347 F.2d 86 (2d Cir. 1965); Powell v. Workmen's Compensation Board, 327 F.2d 131 (2d Cir. 1964). But, while plaintiff may not be able to state facts which would support his claim, we feel constrained not completely to deny him an opportunity to do so, and we therefore order that he be permitted to apply for leave to file an amended complaint on presentation to the district court of a pleading which is legally sufficient.

■ The complaint is also deficient in naming as defendant the State University of New York rather than the persons who, plaintiff claims, actually deprived him of his rights. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), cert. denied 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971); noted 70 Colum.L.Rev. 1467 (1970).

We regard as frivolous plaintiff's claim with respect to the limitation of the statutory jurisdiction of the New York State Commission Against Discrimination to situations involving discrimination on the basis of race, creed, color or national origin.

MOORE, Circuit Judge (concurring):

I concur in the dismissal of the complaint. The motion pursuant to Rule 12(b) of the Federal Rules of Civil Practice attacking the complaint for legal insufficiency was converted indirectly into a motion for summary judgment by the injection of factual issues and the

defenses of lack of jurisdiction and *res judicata*. Such a conversion does not have a tendency to provide the opportunity for correction of deficiencies.

In the Article 78 proceeding in the State courts, the Appellate Division, Third Department, Matter of Avins v. Gould, 35 A.D.2d 1043, 316 N.Y.S.2d 560, leave to appeal denied, 28 N.Y.2d 484, 320 N.Y.S.2d 1028, 269 N.E.2d 208, said:

> "Evaluation of a teaching candidate is a discretionary power vested in the appointing officer, and unless made in an arbitrary and capricious manner, may not be disturbed.

> "Qualifications of a teacher, concerning such matters as the quality of books and articles published, recommendations from past employers and teachers, are largely determinations properly left to the judgment of an administrator."

However, I agree that it would be unwise to preclude plaintiff from having an opportunity to plead his grievances, if such exist, but only upon a showing in the District Court that an amended complaint has legally sufficient substance.