The **ALBANY WELFARE RIGHTS OR-GANIZATION DAY CARE CEN-TER, INC.**, et al., Appellants,

v.

**Francis SCHRECK, Individually and as Commissioner of the Albany County Department of Social Services**, et al., Appellees.

No. 732, Docket 72-1228.

United States Court of Appeals,
Second Circuit.

Argued April 21, 1972.

Decided June 9, 1972.

Steven J. Cole, New York City (Henry A. Freedman, N.L.S.P. Center on Social Welfare Policy and Law, Inc., New York City, Marilyn J. Berger, Joel F. Spitzer, Lawrence F. Klepper, Legal Aid Society of Albany, Inc., Albany, N. Y., on the brief), for appellants.

John J. Clyne, Albany County Atty., for appellees Schreck and Jay.

Alan W. Rubenstein, Principal Atty., Albany, N. Y. (Louis J. Lefkowitz, Atty. Gen. of N. Y., Ruth Kessler Toch, Sol. Gen., Francis V. Dow, Asst. Atty. Gen., on the brief), for appellee Wyman.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge:

Plaintiffs commenced this action for damages and injunctive and declaratory relief on the ground that defendants have improperly denied Albany Welfare Rights Organization Day Care Center, Inc., the right to provide day care services for children of recipients of public assistance. The Executive Director of A.W.R.O. Day Care Center, Catherine Boddie, is one of the named plaintiffs; the other named plaintiffs, mothers of children eligible to receive day care services, sue on behalf of their children and all others similarly situated. The controversy stems from the refusal of appellees Schreck and Jay, the Commissioner and Deputy Commissioner of the Albany County Department of Social Services, to refer eligible children to the Center. The plaintiffs sought to invoke the jurisdiction of the district court under 28 U.S.C. §§ 1331, 1343 (1970). They set forth twelve "federal" claims for relief and four "pendent" claims based on appellees' alleged violations of state law. We affirm the district court's dismissal of the complaint on the ground that it fails to allege facts sufficient to state claims upon which relief can be granted.

I.

The Albany County Department of Social Services purchases day care services

for children eligible to receive such care and pays for the services with funds provided by federal, state, and local agencies. The complaint alleges that Albany County appropriated sufficient funds for the purchase from the Center of day care services for 33 children for the calendar year 1972, subject to the approval of the Center by the New York State Department of Social Services. The New York State Board of Social Welfare issued the Center a certificate authorizing it to operate a day care center and the New York State Department of Social Services issued it a permit to operate a day care center for 20 children. The complaint alleges that thereafter on several occasions plaintiff Boddie and staff members of the Center met with officials of the Albany County Welfare Department and demanded that the Department refer 20 children to the Center for day care. The complaint goes on to state that, although there was a waiting list of over 300 children in Albany County eligible to receive day care services who have not been placed because of the lack of adequate facilities, appellees Schreck and Jay have refused to purchase day care services from the Center as long as plaintiff Boddie is its Executive Director. According to the complaint appellee Schreck told both the temporary Chairman of the Board of Directors of the Center and plaintiff Boddie that he did not believe plaintiff Boddie to be qualified to direct the operations of a day care center and that no children would be referred to the Center as long as plaintiff Boddie remained as Executive Director. The complaint then alleges:

"14. Upon information and belief, the actions of defendants SCHRECK and JAY as aforesaid are in retaliation for plaintiff BODDIE's activities in organizing the Albany Welfare Rights Organization, in asserting the claims of its members and in promoting the interests of the Albany Welfare Rights Organization through speech."

The Center, predicating federal jurisdiction on 28 U.S.C. §§ 1331, 1343(3) (1970), alleged that the refusal of appellees Schreck and Jay to refer children to the Center and the refusal of appellee Wyman to direct appellees Schreck and Jay to refer children, inhibited the Center's constitutional right to associate with Boddie, and violated its constitutional rights to due process and equal protection of the laws, as well as federal and state statutory rights. Plaintiff Boddie, relying for federal jurisdiction on § 1343(3), alleged that the refusal to refer children violated her right to free speech under the First and Fourteenth Amendments. Plaintiffs Shoultz and Milner, suing on behalf of children eligible to receive day care services, predicated jurisdiction on § 1343(3), and alleged that the actions of Schreck and Jay violated rights secured by the First and Fourteenth Amendments and federal statutes, and added pendent claims against appellees Schreck and Jay and appellee Wyman for violations of state law.

## II.

The basic constitutional claim raised by plaintiff Boddie is that the refusal of Schreck and Jay to refer children to the Center was in retaliation for her activities in organizing the Albany Welfare Rights Organization and her advocacy of the interests of its members, activities which Boddie claims are protected from state interference by the First and Fourteenth Amendments. The Center maintains that appellees' retaliatory refusal inhibits its right to associate with plaintiff Boddie, and the plaintiffs representing the class of eligible children argue that the refusal "chills" the right to associate with plaintiff Boddie, thus depriving them of rights guaranteed them by the First and Fourteenth Amendments. The Center and plaintiff Boddie also assert Fourteenth Amendment due process and equal protection claims.

■ The facts alleged in the complaint are insufficient as a matter of law to state a claim for relief under 42 U.S. C. § 1983 and 28 U.S.C. § 1343(3)

(1970), and the district court properly dismissed the complaint. Mere conclusory allegations do not provide an adequate basis for the assertion of a claim for violation of these sections. Birnbaum v. Trussell, 347 F.2d 86, 89–90 (2d Cir. 1965); Powell v. Workmen's Compensation Board, 327 F.2d 131, 136 (2d Cir. 1964). See also Brooke v. Family Court of The State of New York, 420 F. 2d 296, 297 (2d Cir. 1969), cert. denied, 397 U.S. 1000, 90 S.Ct. 1148, 25 L.Ed.2d 411 (1970). This court has recently held that conclusory allegations of politically motivated discrimination are insufficient as a matter of law to state a claim for relief. Avins v. Mangum, 450 F.2d 932 (2d Cir. 1971).

■ The complaint in the instant action presents no facts to support the allegation that the refusal to refer children was in retaliation for Boddie's organizing activities. It appears from the complaint that Boddie "is Chairwoman of the Upstate Welfare Rights Organization and is Treasurer of the Albany Welfare Rights Organization." However the complaint does not suggest any reason to believe that there was any connection between Boddie's official position in the welfare rights groups and appellees' refusal to refer children to the Center. In fact, according to the complaint, appellee Schreck told plaintiff Boddie and the Chairman of the Board of the Center that the reason children would not be referred was because Schreck did not believe Boddie to be qualified to direct a day care center.

The allegation that the refusal to refer children to the Center was a retaliatory measure designed to prevent or to inhibit plaintiff Boddie from exercising First Amendment rights is wholly conclusory. No facts were alleged which would provide any ground for believing that the refusal was politically motivated or which would tend to explain why appellees Schreck and Jay should want to retaliate against Boddie. The complaint was thus properly dismissed as insufficient as a matter of law.

The second issue raised by the parties in this action concerns the question of which officials—appellee Wyman, as Commissioner of the State Department of Social Services, or appellees Schreck and Jay, as Commissioner and Deputy Commissioner of the county Department of Social Services—were authorized to determine whether Mrs. Boddie was qualified to serve as a director of the Center. The Center claims that federal law requires that a state, as opposed to a local, official make this determination, and that appellees Schreck and Jay therefore violated *federal* law in refusing to refer children to the Center because the proper state officials had determined that the Center and its staff were qualified when the certificate and permit were issued. The Center also maintains that appellee Wyman has violated the same federal statutes by failing to use his supervisory powers to compel local officials to refer eligible children to an "approved" day care facility. The same general claim—that only state officials have authority to determine who is qualified to serve as director of a day care center—is raised in pendent claims based upon New York law.

The Center sought to invoke federal jurisdiction to decide this issue under the provisions of 28 U.S.C. § 1331(a) (1970). The district court dismissed this "federal question" claim on the ground that plaintiff had not demonstrated that the amount in controversy exceeded $10,000. We need not pass upon that ground for dismissal since we are of the view that the complaint fails to raise a federal question.

The Center alleged that under 42 U.S. C. §§ 602(a), 606(d) (1970) and 45 C. F.R. §§ 220.18, 220.2, 220.47, 220.51, 220.52, 220.55, 220.56, and 226.1(a) (5) (1971), it has the *federal* "right to have eligible children referred to it for day care services . . . ." This right is premised on the allegations that the state has decided that the staff of the Center is qualified, that the necessary

funds have been appropriated, and that eligible children are available for placement.

■ There is of course a general federal interest in the question raised by the Center because approximately 75% of the financing of day care services is provided by the federal government. But, for purposes of § 1331, the right asserted by this plaintiff is not one "arising under" a federal law. Neither of the statutory provisions cited by the Center can be read as creating a federal right to have *state* officials purchase services from the Center. Russo v. Kirby, 453 F.2d 548 (2d Cir. 1971). The Social Security Act does not purport to require that a state plan to aid "needy families with children" provide that state, as opposed to local, officials administer all aspects of the plan, such as determining qualifications of the persons who participate in the plan. Congress did not seek to impose a rigid administrative system on the states that elected to adopt such a plan. Each state is free to choose the administrative system which is most appropriate to the state's needs. Local administration of a plan is explicitly sanctioned by the Act. See, e. g., 42 U.S.C. §§ 602(a) (1), (3), (15) (F) (1970).

■ The substantive rule of law which allegedly entitles the Center to have eligible children referred to it because a state agency has determined it to be qualified, is, if it exists at all, a product of New York state law, not the Social Security Act. That issue can be expeditiously resolved in a simple Article 78 proceeding in a state court.

■ Finally, the allegations in the complaint suggest that the state has not in fact determined plaintiff Boddie to be qualified. The Center maintains that the state determined that plaintiff Boddie was qualified when the New York State Board of Social Welfare certified and approved the Center, and the New York State Department of Social Serv-ices issued a permit. The complaint alleges that these events occurred on December 21 and December 31, 1971. The complaint then alleges that plaintiff Boddie has been employed as director of the Center since January 3, 1972. The record discloses that, for at least some period during the fall of 1971, one Sharon Conrad was director of the Center. Although the complaint alleges the conclusion that the State Department of Social Services licensed the Center "on the basis that the Executive Director, plaintiff BODDIE met all the qualifications under law to be a day care director," the complaint on its face discloses that plaintiff Boddie did not become Executive Director until after that event. Thus, in this respect also, the complaint fails to allege sufficient facts to state a claim for relief.

The order dismissing the complaint is affirmed.

FEINBERG, Circuit Judge (dissenting):

This case raises the issue whether Albany County officials can arbitrarily refuse to obtain sorely needed day care for children of welfare recipients because the officials do not like the well-known, aggressive political and legal activities of the Executive Director of a day care center. Beneath all the papers and briefs with which we have been favored, that is what this litigation is all about. In view of the uncontradicted assertion of plaintiffs that there are no other day care facilities available in the entire county for the children of the two plaintiff welfare mothers, the issue is a grave one.

If the complaint in this action offered nothing more than the bald assertion that upon information and belief defendants Schreck and Jay have refused to refer children to the Albany Welfare Rights Organization Day Care Center, Inc. because they disapprove of Director Boddie's political and litigious activities

on behalf of welfare recipients,[1] I would agree that dismissal for failure to state a claim for relief would be proper under Avins v. Mangum, 450 F.2d 932 (2d Cir. 1971). But the complaint before us does not consist solely of such a conclusory allegation unsupported by any factual basis. In fact, the complaint is the antithesis of the typically sparse, bare bones, conclusory pleading that might justify dismissal. The "factual allegations" are contained in 20 separately numbered paragraphs, full of evidentiary detail. In them, plaintiffs trace the events leading up to this controversy and assert, with supporting documents, that the Day Care Center has been duly approved by the State Board of Social Welfare and licensed by the State Department of Social Services. As to the action of the latter agency, the complaint further states that the Department issued a permit to the Center only after it specifically determined that a definite need exists in the Albany area for day care services and that the Center's staff members, including plaintiff Boddie as its Executive Director, meet all requirements under the law for their positions. Indeed, the district judge below noted that "[a]fter an affidavit was filed as to the [un]fitness of Mrs. Boddie by Commissioner Schreck, the State reinvestigated her background and let the revocable permit . . . issued to AWRO Day Care Center . . . stand unchanged." [2]

Thus, the allegations in the complaint, which of course we must accept as true for purposes of testing its sufficiency, show at the very least that plaintiffs have a factual foundation upon which they may be able to establish at trial that defendants Schreck and Jay have refused to deal with the Center because of Boddie's welfare rights advocacy and not because she is unqualified. Obviously, plaintiffs have not yet proved retaliation, but they have sufficiently alleged it. The complaint must be upheld unless

> it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. [Footnotes omitted.]

2A Moore, Federal Practice, ¶8.13 at 1705–06 (2d ed. 1968). See also Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Escalera v. New York City Housing Authority, 425 F.2d 853, 857 (2d Cir.), cert. denied, 400

---

1. The complaint alleges that the Executive Director in question, plaintiff Catherine Boddie, is "Chairwoman of the Upstate Welfare Rights Organization and is Treasurer of the Albany Welfare Rights Organization." Typical of plaintiff Boddie's attempts to protect the rights of welfare recipients—successful in that case—is Boddie v. Wyman, 434 F.2d 1207 (2d Cir. 1970), aff'd mem., 402 U.S. 991, 91 S.Ct. 2168, 29 L.Ed.2d 157 (1971).

2. The majority opinion refuses to accept plaintiffs' allegation that the Department found Boddie qualified to serve as Executive Director. The majority justifies its abandonment of the usual rule that such allegations must be accepted as true by arguing that the complaint is internally inconsistent in that the Department's approval of Boddie is alleged to have occurred on December 31, 1971, while elsewhere in the complaint it is stated that Boddie has been employed as director since January 3, 1972. Quite frankly, I am unable to see any inconsistency between the two statements. The statement that Boddie has been Director since January 3, 1972 is included in a paragraph which follows the allegation that "at all times since January 3, 1972, defendants Schreck and Jay have failed or refused to place children in the A.W.R.O. Day Care Center. . . ." Obviously, the reference to Boddie's employment as of January 3, 1972 is intended to show only that she was Director when Schreck and Jay began refusing to cooperate with the Center and cannot be read as negatively implying that she was never associated with the Center before that date or that the State Department of Social Services, when it issued a permit to the Center, did not know that Boddie would serve as Director when the Center opened three days later.

U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970). In my view, the complaint in this action clearly meets that test of sufficiency.

Accordingly, I dissent. Plaintiffs are entitled to their day in court on their serious charge of arbitrary and unconstitutional action by defendants.[3] At the very least, we should follow the procedure used in Avins v. Mangum, *supra*, and give plaintiffs an opportunity to amend their complaint before dismissing the action. See also 3 Moore, Federal Practice, ¶15.10 (2d ed. 1968).

3. At the same time, of course, defendants will have an opportunity to show that their admitted refusal to use the Day Care Center as long as plaintiff Boddie is Executive Director was a matter for their discretion despite the alleged state approval referred to in note 2, *supra*, and was based on a proper judgment that she is not qualified for that job, issues upon which I do not express an opinion.