405

Vincent F. ZARRILLI, Plaintiff

v.

Frank J. SNELL
Individually and in the official capacity as
Assistant Clerk, Massachusetts Appeals
Court

Nancy Ann FOLEY
Individually and in her official capacity as
an Assistant Clerk, Massachusetts
Appeals Court

Enid M. STARR
Individually and as an Attorney licensed
in the Commonwealth of Massachusetts

APPEALS COURT OF THE
COMMONWEALTH OF
MASSACHUSETTS
Defendants

United States District Court
Commonwealth of Massachusetts

No. 80-2896-MA

March 9, 1981

**Vincent F. Zarrilli for himself.**
**Carl Valvo Asst. Atty. Gen.** for defendant
**Enid M. Starr,** for defendant.

## MEMORANDUM AND ORDER

**MAZZONE, D. J.** This is an action under 42 U.S.C. secs. 1983 and 1985 (3) for declaratory and injunctive relief and damages, based upon alleged violations of plaintiff's constitutional rights. The plaintiff **pro se,** Vincent F. Zarrilli, is a businessman residing in Boston, Massachusetts, and has some legal training. Defendants Frank J. Snell and Nancy Ann Foley are assistant clerks of the Massachusetts Appeals Court. Defendant Enid Starr is an attorney practicing in Boston, Massachusetts. Also named as a defendant is the Massachusetts Appeals Court itself.

Viewed in the light most favorable to the plaintiff, **see Haines** v. **Kerner,** 404 U.S. 519 (1972); **Conley** v. **Gibson,** 355 U. S. 41 (1957), the complaint alleges that Zarrilli was a plaintiff in an action to establish the invalidity of a mortgage foreclosure on property owned jointly by Zarrilli and his former wife. The case was dismissed by the Middlesex Superior Court and an appeal taken. On February 21, 1980, Chief Justice Alan Hale granted Zarrilli's request for a three week enlargement of time within which to file his appellate brief.

Zarrilli claims that a handwritten notation on the extension by either the court or a clerk on a letter he had filed with the court was not clearly written and, as a result, he was confused as to the date the brief had to be filed. Zarrilli alleges he checked with defendant Snell and was assured the date was March 8, 1980 (the brief was actually due on March 3). Zarrilli filed his brief and appendix on March 10, 1980.

Between March 10 and March 26, the complaint alleges defendants Starr and Snell had lunch together. On that occasion, Zarrilli contends Snell "informed Defendant Starr that Plaintiff had not filed his Brief and Appendix until March 10, 1980 when he was required to do so by March 3, 1980, as per Chief Justice Hale's order." (Complaint, P.16). Thereafter, on March 26, 1980, Starr, who represented the defendant in the state action, filed a renewed motion to dismiss Zarrilli's appeal for failure to timely file his brief. A panel of three judges reviewed the motion and allowed it, resulting in the dismissal of Zarrilli's appeal.

Zarrilli claims the defendants conspired to discriminate against him as a member of a "suspect class"[1] by applying a more stringent standard of adherence to the appellate rules governing timeliness and dismissal to **pro se** litigants as compared with attorneys (Complaint, P.25). As a result of this conspiracy, Zarrilli claims he was deprived of his:

> state federally (sic) protected interests and rights to judicial relief secured by the United States Constitution and reinforced by the Massachusetts Constitution (P.T. 1, Art. XI) to a certain, complete, prompt and free recourse to the laws, to access to the courts, to effective and

---

[1] The complaint does not specify what Zarrilli means by his use of this term: we assume he intends to characterize **pro se** litigants as a "suspect class."

meaningful appeal and to a decision on the merits without due process of law. (Complaint, P.19).

The state defendants have moved to dismiss on the ground, **Inter alia,** that judicial officers are absolutely immune from suit under the civil rights laws for actions done in performance of their official duties pursuant to instructions from the court. **See Slotnick** v. **Garfinkle,** 632 F.2d 163, 166 (1st Cir. 1980) (citing other authorities). We agree and, based upon the facts as alleged by the plaintiff, dismiss all claims against the state defendants, including the Massachusetts Appeals Court.

The remaining defendant, Enid Starr, has filed an affidavit indicating that she has never been properly served with a copy of the summons and complaint in this action as required by Fed. R. Civ. P. 4(d) (1) or 4(d) (7). We regard this affidavit as being in the nature of a motion to dismiss for insufficient service of process, pursuant to Fed. R. Civ. P. 12(b) (5). The Rules clearly give this court authority to dismiss an action for failure to effect proper service. **See,** e.g., **Martin** v. **New York State Department of Mental Hygiene,** 588 F.2d 371 (2d Cir. 1978).

Supporting the Starr affidavit is an affidavit filed by Jonathan Levin, an associate in the law firm of Barron & Stadfeld, 18 Tremont Street, Boston, Massachusetts.[2] Levin states that on December 24, 1980, he was handed a copy of the complaint - but no summons - in this case by a woman who said: "I guess you can take care of this for me." (Levin Affidavit, P.4.D).

In response, Zarrilli has filed two affidavits by Lois Basilio, appointed special process server in this case on December 23, 1980.[3] In the first affidavit, filed January 30, 1980, Basilio states she handed a copy of the complaint and summons to Levin, who said he would personally deliver them to Enid Starr. However, the second affidavit, filed February 2, 1980, states that Levin indicated he "personally would see that the aforementioned Ms. Starr would receive **the document** which I handed over to him.'" (Basilio Affidavit, P.2) (emphasis added).

We need not attempt to resolve the inconsistencies between the Levin and Basilio affidavits in order to dispose of this matter. On their face, both the return of service as well as the Basilio affidavits fail to state facts sufficient to demonstrate that proper service was made. Nowhere in any of these documents does Basilio indicate that she served a copy of the summons and complaint either: (1) personally, or (2) by leaving them at Starr's **dwelling house** or **usual place of abode** with a person of suitable age **residing therein,** or (3) by delivering them to an agent **authorized by appointment** or **by law** to receive service, or (4) in a manner prescribed by a statute of the United States or the Commonwealth of Massachusetts, as provided by Rules 4(d) (1) and 4(d) (7).

In addition, the second Basilio affidavit concedes that only a single document was delivered to Levin on December 24, 1980. This tends to support Levin's assertion that he was never given a copy of a summons directed to Enid Starr together with the complaint but, in further violation of the requirements of Rule 4.

A showing that the defendant has had actual notice of a lawsuit is not sufficient to bar dismissal for failure to effect proper service. **Martin, supra,** 588 F.2d at 373. In addition, it has been held that where, as here, the plaintiff is aware that the sufficiency of service of process has been challenged and has not attempted to perfect service since the filing of the

---

[2] Starr is a partner in the firm of Barron & Stadfeld.
[3] The plaintiff also filed his own affidavit in support of the sufficiency of process. Since it appears to be based entirely upon the hearsay statements of the special process server, we do not regard it as independent evidence of the truth of the facts recited therein.

complaint, dismissal is appropriate. **Free State Receivables, Ltd. v. Claims Processing Corp. of New Jersey,** 76 F.R.D. 85, 87 (D.Md. 1977).

Accordingly, we exercise our discretion under the Rules and order that the complaint be dismissed without prejudice against defendant Starr as well as the state defendants.

SO ORDERED.

A. David Mazzone
U.S. District Judge