Anthony D. AMAKER, Plaintiff,

v.

Suzanne HAKES, Walter R. Kelly, Sergeant Cunningham, M. Schiefer, and C.O. Cheney, Defendants.

No. 93–CV–840S.

United States District Court, W.D. New York.

Jan. 12, 1996.

## DECISION AND ORDER

SKRETNY, District Judge.

### INTRODUCTION

Before this Court are plaintiff's objections to the Report and Recommendation of the Hon. Carol E. Heckman, United States Magistrate Judge for the Western District of New York, filed on September 25, 1995. Magistrate Judge Heckman has recommended that this Court grant defendant Hakes motion to dismiss and deny defendant Kelly's motion to dismiss.

For the reasons set forth below, this Court will accept the Report and Recommendation of Magistrate Judge Heckman; therefore, defendant Hakes' motion to dismiss will be granted and defendant Kelly's motion to dismiss will be denied.

### DISCUSSION

This case was referred to Magistrate Judge Heckman on December 6, 1994, pursuant to 28 U.S.C. § 636(b)(1). On September 25, 1995, Magistrate Judge Heckman filed a Report and Recommendation that defendant Hakes' motion to dismiss be granted and that defendant Kelly's motion to dismiss be denied. Magistrate Judge Heckman also filed an Order granting defendant Schiefer's motion for leave to amend his answer.

Plaintiff filed objections to the Report and Recommendation on October 25, 1995. De-fendant Hakes filed a response to plaintiff's objections on October 31, 1995.

Pursuant to 28 U.S.C. § 636(b)(1)(B), this Court must make a de novo determination of those portions of the Report and Recommendation to which objection has been made. Under Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." W.D.N.Y. 72.3(a)(3). Plaintiff's objections, contrary to Local Rule 72.3(a)(3), attempt to relitigate all matters raised before the Magistrate Judge. Upon a de novo review of the Report and Recommendation, the record, and the parties' submissions, this Court will accept the Report and Recommendation in its entirety. Therefore, defendant Hakes' motion to dismiss will be granted, and defendant Kelly's motion to dismiss will be denied.

### ORDER

IT HEREBY IS ORDERED, that this Court ACCEPTS the Report and Recommendation of Magistrate Judge Heckman filed September 25, 1995, including the authorities cited and the reasons provided therein.

FURTHER, that defendant Hakes' motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) is GRANTED.

FURTHER, that defendant Kelly's motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) is DENIED.

### REPORT AND RECOMMENDATION AND ORDER

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by the Hon. William M. Skretny, for pretrial matters and to hear and report on dispositive motions, in accordance with 28 U.S.C. § 636(b). Defendants Hakes and Kelly have filed a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint against them for failure to state a claim upon which relief

can be granted (Item 14). Defendant Schiefer has filed a motion pursuant to Fed. R.Civ.P. 15(a) for leave to amend his answer (Item 24).[1]

For the reasons that follow, it is recommended that defendant Hakes' motion to dismiss be granted, and that defendant Kelly's motion to dismiss be denied. Defendant Schiefer's motion for leave to amend his answer is granted.

## BACKGROUND

As set forth in the district court's decision and order dated June 3, 1994 (Item 4), plaintiff filed this action *pro se* seeking relief under 42 U.S.C. §§ 1983 and 1985 against defendants Hakes and Kelly, along with a request to proceed *in forma pauperis* under 28 U.S.C. § 1915. Before the court ruled on the *in forma pauperis* application, plaintiff filed an "amended complaint" adding defendants Cunningham, Cartwright and Schiefer to this action. The court treated the amendment as a supplemental pleading under Fed. R.Civ.P. 15(d), and fully considered the allegations therein.

Plaintiff alleged in his original complaint that defendant Hakes, a Department of Correctional Services ("DOCS") counselor at the Attica Correctional Facility, used racial epithets towards plaintiff, refused his request for program assignment, and retaliated against him for filing a grievance. He also claimed that defendant Kelly, the Superintendent of the Attica facility, was informed about Hakes' conduct through the inmate grievance procedure but refused to take action. In his supplemental complaint, plaintiff alleged that on March 10, 1994, Corrections Officer Cheney sexually assaulted and molested him during a "pat frisk." He further alleged that his cell was "trashed" as a result of a conspiracy involving Sergeant Cunningham and Superintendent Kelly in retaliation for his filing of a grievance against Officer Cartwright, that personal property (including legal and religious material) was wrongfully confiscated, and that Officer Schiefer conspired to deprive him of access to the courts.

In its June 3, 1994 decision and order, the district court dismissed as frivolous plaintiff's claims against defendants Hakes and Kelly relating to Hakes' allegedly racist statements and alleged refusal of requested program assignment. The court also dismissed plaintiff's claims against defendant Cartwright for failure to allege personal involvement in the alleged constitutional deprivations, and dismissed plaintiff's due process claims relating to the search of his cell and confiscation of his legal materials. Finally, the court granted plaintiff leave to amend his complaint "in order to plead more fully his claim of interference with and retaliation for exercising his right to petition for redress of grievances, and his claim of sexual assault" (Item 4, p. 8).

On July 20, 1994, plaintiff filed an amended complaint (Item 5) in which he alleges that he filed a grievance against defendant Hakes based on her denial of employment and failure to provide counseling services pursuant t DOCS directives. Upon unsuccessful appeal from the denial of the grievance, plaintiff filed an Article 78 action in New York State Supreme Court. He alleges that he requested a copy of a document from his file "for use to answer the petition before the court," but that Hakes "refused to provide this essential information about the grievance" (Item 5, p. 4). Plaintiff then filed another grievance against defendant Hakes, as well as a complaint with the New York State Ethics Commission.

As to the claims against Superintendent Kelly, plaintiff alleges that Kelly was aware of the conduct of Hakes due to the prison grievance procedure, but failed to correct the alleged misconduct. He also alleges that Kelly was aware of the alleged "sexually assaultive and molestative treatment" he received in March, 1994, but failed to correct it. Finally, he alleges that Kelly assigned defendant Cunningham to investigate the griev-

---

1. Plaintiff has also filed a motion for an extension of time to respond to defendants' motion to dismiss (Item 16), as well as a motion for default judgment against defendant Schiefer (Item 22). Because plaintiff's response to the motion to dismiss has since been filed and fully considered by this court, plaintiff's motion for an extension of time is denied as moot. Because defendant Schiefer timely filed an answer to the amended complaint (Item 12), plaintiff's motion for a default judgment should be denied.

ance plaintiff filed against officer Cartwright, despite a known conflict of interest and despite plaintiff's express request not to do so.[2]

Defendants Hakes and Kelly move to dismiss the amended complaint for failure to state claims against them upon which relief can be granted, and defendant Schiefer moves to amend his answer in order to add defenses to plaintiff's state law claims against him. These motions will be addressed in turn.

### DISCUSSION

**I. Motion to Dismiss.**

■ In determining a motion to dismiss under Rule 12(b)(6), the court must presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.–5], p. 12–63 (1992); *Miree v. DeKalb Co., Georgia*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492, 53 L.Ed.2d 557 (1977). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. 2A Moore's, *supra*, at pp. 12–63 through 12–64; *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir.1972), *cert. denied*, 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973). The complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (quoted in *Cortec Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir.1991)).

**A. Corrections Counselor Hakes.**

Defendant Hakes asserts that the amended complaint fails to allege a cognizable § 1983 claim against her. I agree. To the extent plaintiff realleges his § 1983 claim based on the denial of a particular program assignment, that claim should be dismissed for the same reasons as set forth in the

district court's June 3, 1994 decision and order. *See* Item 4, pp. 4–5 (citing *Moody v. Daggett*, 429 U.S. 78, 88, 97 S.Ct. 274, 279, 50 L.Ed.2d 236 (1976) (prison inmates do not have federally guaranteed right to participate in institutional programming); *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir.1987) (state law does not give inmates a right to a particular prison job)).

Plaintiff also alleges that defendant Hakes refused to provide him with a copy of a document from his inmate file, which he intended to use in order to prepare a submission in relation to his state court Article 78 challenge to the handling of his grievance. According to plaintiff, Hakes refused to produce this "essential" document and stated, "I have just returned from vacation and I do not feel like going [through] your file[ ] to find anything" (Item 5, p. 4).

■ It is well-established that prison inmates have a constitutional right to petition the government for redress of their grievances, which includes the right of reasonable access to the courts. *Hudson v. Palmer*, 468 U.S. 517, 523, 104 S.Ct. 3194, 3198–99, 82 L.Ed.2d 393 (1983); *see also Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494–95, 52 L.Ed.2d 72 (1977). In order to state a valid § 1983 claim on this ground, the inmate must allege facts tending to show that the alleged deprivation actually interfered with his or her access to the courts, or prejudiced an existing action. *Jermosen v. Coughlin*, 877 F.Supp. 864, 871 (S.D.N.Y.1995); *Rodriguez v. Coughlin*, 795 F.Supp. 609, 613–14 (W.D.N.Y.1992).

■ Plaintiff has failed to allege that defendant Hakes' refusal to provide him with a copy of an "essential" document from his inmate grievance file actually interfered with or prejudiced his Article 78 action. Assuming the truth of the allegations in the amended complaint, the Article 78 proceeding challenged the denial of plaintiff's grievance pertaining to defendant Hakes' refusal of plaintiff's program assignment request. As the district court's prior decision and

---

2. In his amended complaint, plaintiff also realleges claims based entirely on the conduct of defendants Cunningham, Cheney and Schiefer.

Those defendants have not moved against the complaint.

order in this case makes clear, plaintiff has no federally protected or state law right to a particular prison job assignment.

Furthermore, the amended complaint contains no allegations to support a claim that defendant Hakes intentionally retaliated against plaintiff for the exercise of his right to petition for redress of grievances. *See, e.g., Franco v. Kelly*, 854 F.2d 584 (2d Cir. 1988).

Accordingly, I find that after two full opportunities to do so, plaintiff can prove no set of facts to support his claim that defendant Hakes denied or interfered with his right of access to the courts. Defendant Hakes' motion to dismiss the complaint against her should therefore be granted.

## B.  Superintendent Kelly.

Plaintiff alleges that defendant Kelly is liable under § 1983 because he knew about plaintiff's grievances against Hakes and the officers involved in the pat frisk and did nothing to remedy their conduct. Plaintiff also alleges that Kelly ignored plaintiff's request not to assign defendant Cunningham to investigate his grievances.

■ When a prison inmate sues a supervisory prison official for money damages under § 1983, the inmate must allege and prove that the official had some degree of personal involvement in the alleged constitutional deprivation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994); *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir.1986); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). As stated by the Second Circuit:

A defendant may be personally involved in a constitutional violation within the meaning of 42 U.S.C. § 1983 in several ways. The defendant may have directly participated in the infraction.... A supervisory official, after learning of the violation through a report or appeal, may have failed to remedy the wrong.... A supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to contin-

ue.... Lastly, a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event. *Williams v. Smith, supra*, 781 F.2d at 323–24 (citations omitted).

According to the amended complaint, Kelly learned of the allegedly unconstitutional conduct toward plaintiff by means of the inmate grievance program procedures set forth in DOCS regulations and directives. Under those procedures, upon receipt of an initial denial by the Inmate Grievance Resolution Committee, the inmate may appeal to the superintendent of the facility. The superintendent, "or his designee," is then required to take action to answer or render a decision on the grievance. *See, e.g., Greene v. Coughlin*, 1995 WL 60020 at *2 (S.D.N.Y. February 10, 1995); *see also* N.Y. Corrections Law § 139; N.Y.C.R.R. §§ 701.1–.16; DOCS Directive No. 4040(V)(B)(3). In addition, the grievance program establishes an expedited procedure for inmate grievances involving allegations of misconduct or harassment on the part of a prison employee. In such a case, the inmate may make an informal complaint to the employee's immediate supervisor, who is then required to record the allegations on a form for transmittal directly to the superintendent's office. *See* DOCS Directive No. 4040(VIII).

■ Defendant Kelly asserts on this motion that whatever knowledge of plaintiff's grievances he may have obtained through these appeal procedures is insufficient to impose § 1983 supervisory liability. However, under Second Circuit caselaw, supervisory liability may be found where the prison official learned of the alleged misconduct through the facility's appeals process and "failed to remedy the wrong." *Williams v. Smith, supra*, 781 F.2d at 323. Indeed, in *Williams*, the Court of Appeals reversed the lower court's dismissal of the action against the prison superintendent because the inmate had expressly alleged that the superintendent affirmed his disciplinary conviction on administrative appeal. The superintendent's "broad allegation" that he did not personally participate in any of the events described in the complaint, without more, was

found to be insufficient to warrant his dismissal from the case. *Id.* at 324.

■ Similarly in this case, Superintendent Kelly has not submitted any "documented allegation of fact," *Williams, supra,* by means of an answer or affidavit in support of his motion, to indicate that he did not learn of plaintiff's allegations through the grievance appeals procedures, or that he learned of the alleged employee conduct and took no action. He merely states in his memorandum of law that "simply receiving letters and complaints does not render an individual personally liable" (Item 15, p. 3). While this statement may be accurate as far as it goes, *see, e.g., Bolanos v. Coughlin,* 1993 WL 762112, at *24–25 (S.D.N.Y.1993) (slip op. attached to Item 15), it does not provide a sufficient basis for granting Kelly's motion to dismiss.

Accordingly, I cannot find on this record that plaintiff can prove no set of facts in support of his claim that defendant Kelly is liable for damages under § 1983. Defendant Kelly's motion to dismiss should therefore be denied.

## II. Motion to Amend.

Defendant Schiefer has requested leave to amend his answer in order to assert defenses to the state law claims alleged in the amended complaint. Plaintiff has not specifically objected to this request, and there is nothing in the pleadings or motion papers to suggest undue delay on the part of Schiefer or prejudice to plaintiff.

Accordingly, defendant Schiefer's motion for leave to amend his answer is granted.

### CONCLUSION

For the reasons set forth above, it is recommended that defendant Hakes' motion to dismiss (Item 14) be granted. It is further recommended that defendant Kelly's motion to dismiss (Item 14) be denied.

Also for the reasons set forth above, defendant Schiefer's motion for leave to amend his answer (Item 24) is hereby GRANTED. The "Amended Answer of Defendant Schiefer" attached to Item 24 shall be considered

to have been accepted for filing by the Clerk of the Court as of the date of this order.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the plaintiff and the attorney for the defendants.

SO ORDERED.