Justo RICHARDS, Plaintiff,

v.

STATE OF NEW YORK APPELLATE DIVISION, SECOND DEPARTMENT, New York State Board of Parole: James Sullivan, Warden, Ossining Correctional Facility, Defendants.

No. 83 Civ. 3869.

United States District Court, E.D. New York.

July 31, 1984.

Justo Richards, pro se.

Asst. Atty. Gen. Randolph Volkell, Dept. of Law, Asst. Corp. Counsel Elizabeth A. Bryson, New York City Law Dept., New York City, Office of Dist. Atty., Kings County, Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

Pro se plaintiff Justo Richards brings this action pursuant to section 5 of the fourteenth amendment to the Constitution of the United States "to redress Unconstitutional abuses of governmental power." Plaintiff alleges jurisdiction under 42 U.S.C. § 1981, and seeks injunctive relief under 28 U.S.C. §§ 2281 and 2284, as well as declaratory relief under 28 U.S.C. §§ 2201 and 2202.

Shortly after service of the instant complaint, defendants moved to dismiss the complaint. During the pendency of this motion, plaintiff filed a "Petition for Re-

moval of Criminal Prosecution Against Person Denied Civil Rights," which sought to remove to this Court his appeal of his conviction under indictment number 839/79 pending before the Supreme Court of the State of New York, Appellate Division, Second Department. By Memorandum and Order dated March 5, 1984, I dismissed the petition for removal based on the principles of comity set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).[1] Apparently construing this order as a dismissal of the entire action, the Clerk of this Court entered a judgment on March 22, 1984, which closed this case. Plaintiff thereafter filed a Notice of Appeal with the Second Circuit Court of Appeals and sought leave to appeal in forma pauperis.

While the entry of judgment on March 22 was premature, I now find that the complaint should be dismissed in its entirety. In addition, as this action is now ripe for the entry of such judgment, plaintiff is granted leave to appeal in forma pauperis.

*Background*

In his complaint, plaintiff alleges that the various defendants violated his constitutional rights in connection with his state court indictment, trial, sentencing and appeal under Indictment 839/1979. In that action plaintiff was convicted of robbery in the first degree and criminal possession of property in the first degree. Plaintiff's complaint alleges that during the course of the state court proceedings, two court-appointed attorneys withdrew from his case, and the latter of the two had his associate represent plaintiff without conferring with plaintiff.

Subsequent to his sentencing, plaintiff apparently filed a motion under N.Y.Crim. Proc.L. 440.10 and six times filed petitions for writs of habeas corpus with the state courts. *See* Complaint ¶¶ 18–24.[2] Plaintiff further alleges, in vague terms, that dur-

---

1. In addition, by Memorandum and Order dated March 6, 1984, I found that the dismissal of plaintiff's petition for removal mooted both plaintiff's motion for injunctive relief and motion to amend the petition for removal.

2. Three petitions were allegedly filed with the Supreme Court, Kings County, two with the Appellate Division, Second Department, and one with the Court of Appeals.

ing May 1983, defendant Board of Parole sent him certain documents to sign regarding release consideration, and that he refused to do so. At a subsequent parole hearing, plaintiff "got hit by the Board with a year[.]" Complaint ¶ 25.

Plaintiff complains that (1) he has not been furnished with counsel on appeal; (2) the state "corrective process" is ineffective; (3) the delay in state court adjudication of plaintiff's post-conviction requests for relief is inordinate; and (4) obstacles in the state judicial process deny him due process of law. Plaintiff requests that this Court convene a three-judge court to adjudicate this case pursuant to 28 U.S.C. § 2281 and maintain jurisdiction over this action until defendants "establish a hearing procedure in conformity with the requirements of the Fourteenth Amendment . . . ." Plaintiff also requests that this Court declare the defendants in violation of the Equal Protection and Due Process clauses and that plaintiff's imprisonment is unconstitutional.

*Discussion*

■■■ The bases for dismissal of this action are clear. Defendants correctly assert that this Court lacks subject matter jurisdiction over the instant controversy because under the Eleventh Amendment to the United States Constitution, a state is absolutely immune from any action brought against it in federal court by a citizen of its own state, even if only declaratory or injunctive relief is sought. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). In addition, agencies of the state and state officials sued in their official capacities are similarly immune under the Eleventh Amendment when the state is the real party in interest. *Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *Alabama v. Pugh, supra.*

■■■ Although I need not set forth additional reasons for dismissal of the instant complaint, I find two points worth addressing. First, plaintiff sets forth no authority for convening a three-judge court. One of the statutes he cites, 28 U.S.C. § 2281, has been repealed. Section 2284 of Title 28, which does discuss when such a court should be convened, directs that the same shall be done in apportionment cases or when otherwise required by Act of Congress. This provision is clearly inapplicable to the instant case.

■■■ Second, four aspects of plaintiff's papers reveal that his intent is to challenge the fact and not the nature of his incarceration, thereby suggesting that a petition for a writ of habeas corpus is the appropriate relief which plaintiff should seek after complying with 28 U.S.C. § 2254. *See Matos v. Quealy,* 524 F.Supp. 15, 17 (S.D.N.Y.1981). The facts supporting this conclusion are: (1) defendant Sullivan is named in his official capacity and no specific claims are made against him; (2) plaintiff complains that he was not represented properly by counsel at the state trial level and has not been represented on appeal; (3) plaintiff seeks a declaration that his incarceration is unconstitutional; and (4) as discussed *supra,* plaintiff recently sought to "remove" his state criminal appeal to this Court.

*Conclusion*

For the reasons discussed *supra* at 690, the Clerk of this Court is directed to vacate the judgment entered March 22, 1984 pursuant to Fed.R.Civ.P. 60(a). However, the complaint is now dismissed without prejudice. As it is now appropriate for judgment to be entered and for plaintiff's request to appeal in forma pauperis to be entertained, such request is now granted.

SO ORDERED.