107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Douglas E. KAMPFER, Plaintiff-Appellant,
v.
COUNTY of Fulton, Fulton County Court and Richard Giardino,
Fulton County District Attorney, his agents and
employees, Defendants-Appellees.
 Nos. 94-9110, 94-9201.
 United States Court of Appeals, Second Circuit.
 Jan. 15, 1997.
 
 1
 APPEARING FOR APPELLANT: Peter Dailey, New York, N.Y.
 
 
 2
 APPEARING FOR APPELLEES: Dennis C. Vacco, N.Y. State Atty. General, Albany, N.Y.; Arthur Carl Spring, Johnstown, N.Y.
 
 
 3
 Present NEWMAN, C.J., McLAUGHLIN, CUDAHY,* Circuit Judges.
 
 
 4
 Douglas E. Kampfer appeals from the November 8, 1994, judgment of the District Court dismissing, for failure to state a claim, his suit brought under 42 U.S.C. § 1983. Kampfer contends that the District Court erred in dismissing his suit, or, alternatively, that it abused its discretion by not permitting him to file another amended complaint.
 
 
 5
 Kampfer commenced this action in April 1994 by filing a pro se complaint alleging that defendants--the Fulton County (N.Y.) Court, Fulton County, and the Office of the Fulton County District Attorney, Richard Giardino--violated his constitutional right to a meaningful appeal by denying him leave to proceed as a poor person on his state criminal appeal. Because the first complaint contained only bare allegations, the District Court directed Kampfer to file an amended complaint. Kampfer subsequently filed an amended complaint, alleging that his income was below the poverty threshold, that he met the procedural requirements of an application to proceed in forma pauperis, and that the defendants had denied his application for poor person status, which was needed to obtain a free transcript to prosecute his appeal and thus to ensure that he was provided a fair and meaningful appeal of his criminal conviction. As relief, Kampfer sought "a sufficient amount of money to [o]btain the transcript for my appeal and a sufficient amount of money [to] compensate me for my damages." The District Court dismissed the amended complaint with prejudice.
 
 
 6
 1. The District Court properly found that the Eleventh Amendment barred suit against the defendant Fulton County Court. Although Congress is empowered under Section Five of the Fourteenth Amendment to override Eleventh Amendment immunity in certain circumstances, "[i]t is well settled that 42 U.S.C. § 1983 does not constitute an exercise of that authority." Dube v. State University of New York, 900 F.2d 587, 594 (2d Cir.1990). The County Court of the State of New York is an integral part of the State's Unified Court System, see N.Y. Const. Art. VI, §§ 1 & 10-11, and as such is an arm of the State of New York. Accordingly, any claim Kampfer may assert in this civil rights action against the County Court is barred by the Eleventh Amendment. See Richards v. State of New York Appellate Division, Second Department, 597 F.Supp. 689, 691 (E.D.N.Y.1984), aff'd, 767 F.2d 908 (2d Cir.1985); see also Zuckerman v. Appellate Division, Second Department, Supreme Court of the State of New York, 421 F.2d 625, 626 (2d Cir.1970). Moreover, even liberally construing Kampfer's suit as being against the judge or judges of the Fulton County Court who denied his IFP petition, it still must be dismissed because "[a] judge defending against a section 1983 suit is entitled to absolute immunity from damages for actions performed in his judicial capacity." Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir.1990).
 
 
 7
 2. The District Court also properly dismissed the suit as to defendants Fulton County and the Fulton County District Attorney's Office. First, Kampfer makes no factual allegation of a causal connection between any actions taken by these two defendants and the County Court's denial of his request to proceed IFP. Moreover, although section 1983 suits against municipalities are not barred by the Eleventh Amendment, see Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), such entities "cannot be held liable [under section 1983] unless a municipal policy or custom caused the constitutional injury" to the plaintiff. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); see Monell, 436 U.S. at 694. Kampfer's claim that the County and its District Attorney's Office conspired with the County Court to deprive him of his right to a meaningful appeal by refusing to provide him with a free trial transcript lacks any allegation that this isolated action was customary in this municipality or involved a decision by a municipal policymaker.
 
 
 8
 3. Although courts should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." Martin v. New York State Department of Mental Hygiene, 588 F.2d 371, 372 (2d Cir.1978). Moreover, the District Court did not abuse its discretion in dismissing the complaint with prejudice. The principle that permission to amend to state a claim should be freely granted is inapplicable where there is no possibility that the defects in the complaint can be cured and where the plaintiff has already been given one opportunity to amend his complaint. Cf. Oliver Schools, Inc. v. Foley, 930 F.2d 248, 252-53 (2d Cir.1991). Such is the case here: Having been granted a second opportunity to correct the defects in his complaint, Kampfer filed an amended complaint that suffers from at least as many difficulties as the original complaint. He again fails to provide any factual basis supporting his allegations and fails to allege any basis for avoiding the barriers of the Eleventh Amendment and Monell. The District Court did not abuse its discretion in denying Kampfer leave to amend his complaint.
 
 
 
 *
 Of the United States Court of Appeals for the Seventh Circuit, sitting by designation