Ronald A. SCHIAVONE, Schiavone
Construction Co., Gennaro Liguori,
Joseph A. Di Carolis, Plaintiffs,

v.

Mario MONTUORO, Thomas P. Puccio,
James D. Harmon, Jr., "John Doe 3",
"John Doe 4", and "John Doe 5", the
true names of said John Doe defend-
ants being unknown to the plaintiff at
this time, Defendants.

No. 82 Civ. 5843 (RO).

United States District Court,
S.D. New York.

July 11, 1984.

Connell, Foley & Geiser, Newark, N.J.,
for plaintiffs; Theodore W. Geiser, Thomas
S. Cosma, Newark, N.J., of counsel.

Rudolph W. Guiliani, U.S. Atty., New
York City, for defendants James D. Har-
mon, Jr., Thomas P. Puccio; William J.
Brennan, Asst. U.S. Atty., New York City,
of counsel.

MEMORANDUM AND ORDER

OWEN, District Judge.

In this action, sounding in defamation,
plaintiffs claim that their reputations were
injured and their Constitutional rights in-
fringed by two Assistant United States At-
torneys for the Eastern District of New
York, defendants James D. Harmon, Jr.
and Thomas P. Puccio.[1] Defendants move
pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss
the amended complaint against them for
failure to state a claim upon which relief
may be granted.

The plaintiffs are the Schiavone Con-
struction Company ("SCC") a New Jersey
corporation, and Ronald A. Schiavone, Jo-
seph A. Di Carolis and Gennaro Liguori, all
officers of SCC.

The relevant events here commenced
with allegations in 1981 by defendant Ma-
rio Montuoro of an illegal payoff in 1979
made in a Long Island City restaurant[2] to
a labor union official on behalf of SCC by
Di Carolis in the presence of Schiavone and
Liguori and another SCC officer, Raymond
J. Donovan. At the time the allegation
was made, Donovan was the United States
Secretary of Labor. The foregoing allega-
tions having been made, Assistant U.S. At-

1. Puccio, at the time of the events was the Chief
of the Organized Crime Strike Force for the
Eastern District of New York. Harmon was a
senior litigation counsel in the office of the
United States Attorney for the Eastern District

of New York and the former Assistant Chief of
the Brooklyn Strike Force.

2. The restaurant, Prudenti's, is in the Eastern
District of New York.

torneys Harmon and Puccio sent a letter to the Attorney General of the United States informing him of the allegations and requesting an investigation pursuant to the Ethics in Government Act, 28 U.S.C. § 591 *et seq.* A Special Prosecutor was then appointed, and a Grand Jury empaneled a month later. The subsequent report of the Special Prosecutor stated there was insufficient credible evidence upon which to base prosecution of Secretary Donovan.

Plaintiffs allege Montuoro recounted his version of the "payoff" and plaintiff's participation in it to the media. Plaintiffs assert that these statements and interviews were part of a conspiracy among Montuoro and the federal defendants to have the allegations publicized so that Assistant U.S. Attorney Harmon would be named Special Prosecutor.[3] Plaintiffs contend that these "false, malicious and defamatory statements" injured them in their "personal, social and business li[ves] and caused them to suffer extreme embarrassment, great pain and mental anguish and grave damage to their good name and reputation." The individual plaintiffs and SCC seek $2,500,000 in damages from Harmon and Puccio.

The claim based on the letter to the Attorney General cannot succeed. The letter requesting an investigation is clearly within the scope of official functions of a federal prosecutor, even if, ultimately, no charges are brought. *See, e.g., Gray v. Bell,* 712 F.2d 490 (D.C.Cir.1983). Because the injury to reputation does not involve a constitutional harm, *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1975), these defendants, acting within the scope of the duties, are not liable. *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). The defendant's claim arising from the letter is accordingly dismissed.

The gravamen of plaintiffs' other claim appears to be that the federal defend-

ants conspired with Montuoro to cause plaintiffs harm of Constitutional dimensions by leaking defamatory material to the media. The amended complaint contains no more than conclusory allegations, with not a shred of factual support. The law in this Circuit is clear that "complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed." *Ostrer v. Aronwald,* 567 F.2d 551, (2d Cir.1977).

The action against the federal defendants is hereby dismissed.

---

**3.** I note, however, that by statute, 28 U.S.C. § 593(d), Harmon was barred from being so named.