Clarence Duke McGANN, a/k/a John French, a/k/a Jesse J. Jenkins, Plaintiff,

v.

Peter S. BARANOWICZ, Criminal Law Investigator, in the Office of Mario Merola, District Attorney, Bronx County, New York, Defendant.

No. 84 Civ. 2316 (RWS).

United States District Court, S.D. New York.

Sept. 16, 1985.

Clarence Duke McGann, pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendant; Linda Genero Sklaren, Asst. Corp. Counsel, New York City, of counsel.

OPINION

SWEET, District Judge.

Plaintiff Clarence McGann ("McGann") filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that Peter S. Baranowicz ("Baranowicz"), a Criminal Law Investigator in the Bronx County District Attorney's office, violated his constitutional rights. McGann specifically complains of the defamatory character of a statement made by Baranowicz in an affidavit submitted to a New York Supreme Court in opposition to McGann's motion to vacate his New York state conviction and to set aside his sentence. Defendant moves for summary judgment pursuant to Fed.R.Civ. Pro. 56(b) on the ground that the absence of any issue of material fact warrants dismissal as a matter of law. For the reasons set forth below, the motion for summary judgment is granted and the complaint against Baranowicz is dismissed with costs.

**Pleadings**

Since this is a motion for summary judgment brought by Baranowicz, all reasonable inferences must be drawn in favor of

McGann. *Patrick v. LeFevre*, 745 F.2d 153, 158 (2d Cir.1984). The essential facts giving rise to the complaint are not in dispute. In opposition to McGann's motion to vacate his conviction, Baranowicz submitted an affidavit which stated that "after a panel of prospective jurors had been empaneled and later dismissed, appellant fled the jurisdiction and was tried *in absentia.*" McGann alleges that this statement was false as to both the empaneling of a jury and the absence of McGann from the jurisdiction of the state criminal court and that Baranowicz knew his statement was false.

At the same time McGann recognizes the position of Baranowicz within the office of the District Attorney in Bronx County as a Criminal Law Investigator, a position which allowed him to perform all of the duties of a district attorney while awaiting admission to the bar and formal appointment to the position of district attorney. An order of the Appellate Division of the Supreme Court of the State of New York, dated July 12, 1971, permits criminal law investigators to submit briefs, memoranda and other documents to the state courts under the supervision of an assistant district attorney. McGann concedes that Baranowicz filed his affidavit under the supervision of an assistant district attorney.

**Conclusions**

Section 1983 imposes civil liability on "[e]very person" who acts under color of state law to deprive another of a constitutional right. The liability created, however, is qualified in certain instances by common law immunities. *See Scheuer v. Rhodes,* 416 U.S. 232, 239–41, 94 S.Ct. 1683, 1687–88, 40 L.Ed.2d 90 (1974). In enacting § 1983, Congress did not abrogate legislative immunities "well grounded in history and reason." *Imbler v. Pachtman,* 424 U.S. 409, 418, 96 S.Ct. 984, 989, 47 L.Ed.2d 128 (1975) (quoting *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951)). Similarly, the principle of absolute judicial immunity from civil damage actions has not been diminished by § 1983, as recognized in *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1872), and re-affirmed nearly a century later in *Pierson v. Ray,* 386 U.S. 547, 554–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967).

The present case concerns the common law immunity accorded to a prosecutor acting within the scope of his duties. *Imbler, supra,* 424 U.S. at 423 & n. 20, 96 S.Ct. at 991 & n. 20. Unqualified prosecutorial immunity enables a state's attorney to act zealously as the people's advocate. *Id.* In preempting a conscientious prosecutor's vulnerability to civil suit, absolute immunity eliminates fear of harassment for errors committed in the scope of discharging his duties. *Pierson, supra,* 386 U.S. at 554, 87 S.Ct. at 1217. For these reasons, the Supreme Court has upheld the validity of absolute prosecutorial immunity in section 1983 actions, choosing to leave an individual "without civil redress against a prosecutor whose malicious or dishonest action deprives him" of his rights. *Id.* 424 U.S. at 427, 96 S.Ct. at 993. Although imperfect, this system has been found the only effective way to assuage a public prosecutor's "constant dread of retaliation." *Gregoire v. Biddle,* 177 F.2d 579, 581 (2d Cir.1949).

With regard to certain official acts of a public prosecutor, the immunity conferred is not absolute but qualified. *Scheuer, supra,* 416 U.S. at 242–45, 94 S.Ct. at 1689–91. This species of immunity extends to a prosecutor when he performs his duties in other than a quasi-judicial capacity. *See Butz v. Economou,* 438 U.S. 478, 508–12, 98 S.Ct. 2894, 2911–13, 57 L.Ed.2d 895 (1978). The degree of immunity to which a prosecutor is entitled depends on the role he plays as a participant in the criminal justice process. The gravamen of the test to determine whether absolute immunity attaches is not centered on the "identity or title of the officer responsible ...," *Lee v. Willins,* 617 F.2d 320 (2d Cir.1980) (quoting *Briggs v. Goodwin,* 569 F.2d 10, 21 (D.C.Cir.1977), but rather the functional nature of his conduct *qua* prosecutor. *Imbler,* 424 U.S. at 430, 96 S.Ct. at 994; *Taylor v. Kavanagh,* 640 F.2d 450, 452 (2d Cir.1981). Should a prosecutor act "fairly within his function as an advo-

cate" during the pre-trial or trial stages of a criminal proceeding, immunity fully insulates him from civil liability. *Imbler, supra*, 424 U.S. at 430 n. 32, 96 S.Ct. at 995 n. 32; *Taylor, supra*, at 452. Excluded from this realm of absolute protection are duties of a strictly administrative or investigative type. *Imbler, supra*, 424 U.S. at 430–31, 96 S.Ct. at 995.

The approach endorsed by the Second Circuit to differentiate absolute from qualified immunity involves an examination of the interplay between the injury allegedly sustained and its source. *Powers v. Coe*, 728 F.2d 97, 103 (2d Cir.1984). Where the alleged harm stems from initiation or presentation of a state's case resulting in a defendant's "being compelled to stand trial or to suffer imprisonment," the prosecuting attorney is not subject to liability for his actions. *Lee, supra*, at 322. *See also Betts v. Richard*, 726 F.2d 79, 81 (2d Cir. 1984) (upholding absolute immunity for state's attorney obtaining *capias* to secure presence of witness at criminal trial). *But cf. Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir.1979), *rev'd in part on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam) (immunity does not shield state official from liability caused by illegal search and seizure).

The Second Circuit has recently refined the doctrine of absolute immunity for state officials, other than state attorneys, who are nevertheless engaged in quasi-prosecutorial function. In *Walden v. Wishengrad*, 745 F.2d 149 (2d Cir.1984), the Court of Appeals found the duties of an attorney employed by a county department of social services to be the functional analog of those performed by a prosecutor. *Id.* at 152. The *Walden* court reasoned that the initiation and prosecution of child protective orders in family court was sufficiently similar to criminal prosecutorial functions to cloak the social services lawyer with the absolute immunity conferred by *Imbler*. *Id.* The Court also took into account the importance of the department's activities, and public policy underlying litigation conducted by the department. *Id. See also Schiavone v. Montuoro*, 587 F.Supp. 66

(S.D.N.Y.1984) (defamation claim against United States' attorneys dismissed on ground of absolute immunity).

 Applying these principles to the instant case, Baranowicz is entitled to absolute immunity in connection with statements made in his affidavit before the New York Supreme Court. The fact that Baranowicz had not yet been admitted to the State Bar is of no legal consequence, since under the circumstances his actions as a Criminal Law Investigator were the functional equivalent of a state prosecutor. As the defendant's statements were intimately related to presenting the state's case in an ongoing criminal prosecution, he is absolutely immune from suit.

Since the instant claim is barred absolutely by prosecutorial immunity, it is unnecessary to inquire whether the content of the affidavit was defamatory. Defendant's motion for summary judgment is granted and the complaint is dismissed with costs.

IT IS SO ORDERED.