**Louis C. OSTRER, Rita Ostrer, Jack Ostrer and Dina Gelman, Appellants,**

v.

**William H. ARONWALD, Robert B. Fiske, Jr., Alan Naftalis, Marvin Sontag, James Killeen, Edward H. Levi, and United States of America, Appellees.**

**No. 375, Docket 77–6118.**

United States Court of Appeals, Second Circuit.

Argued Dec. 5, 1977.

Decided Dec. 27, 1977.

Alan Dershowitz, Cambridge, Mass. (Harvey A. Silverglate, Ann Lambert Greenblatt, and Silverglate, Shapiro & Gertner, Boston, Mass., on the brief), for appellants.

Gary G. Cooper, Asst. U. S. Atty., Southern District of New York, New York City (Robert B. Fiske, Jr., U. S. Atty., Patrick H. Barth, Asst. U. S. Atty., Southern District of New York, New York City, on the brief), for appellees.

Before KAUFMAN, C. J., and ANDERSON and TIMBERS, Circuit Judges.

PER CURIAM:

This is an appeal from an order granting appellees' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6), F.R. Civ.P. The individual appellees are or were members of a team of Government attorneys and investigators which is conducting a grand jury investigation of possible violations of the tax laws by Louis Ostrer and members of his family, appellants in this case. The gravamen of appellants' complaint is that various federal and state officers and agencies [1] are seeking to coerce

1. They include the New York County District Attorney's Office, the Internal Revenue Service, the United States Department of Labor, the United States Senate Permanent Sub-Com-

appellant, Louis Ostrer, through illegal and unethical means, into providing testimony to a federal grand jury regarding his business associates, who are alleged to have "connections with organized crime" or who are "labor racketeers." Only that portion of the district court's order dismissing the third and fourth counts of the complaint is appealed.[2]

The third cause of action alleges that appellees are engaged in a conspiracy to harass and discredit appellants in order to deprive them of their livelihood by: (1) leaking defamatory stories about Louis Ostrer to the news media; (2) discouraging his business associates from dealing with him; (3) appropriating his business records; (4) subpoenaing Louis Ostrer and his business records before different grand juries at the same time; (5) making disparaging remarks about him in open court and before congressional committees and other official bodies; and (6) engaging in overlapping and repetitive investigations of Louis Ostrer. The complaint, however, fails to show any nexus between the pattern of harassment allegedly inflicted upon Mr. Ostrer and the acts of the appellees. At best, there is a vague claim that appellees are linked to a broad conspiracy, involving other federal and state agencies, designed to destroy his business unless he cooperates with the Government.

■ This court has repeatedly held that complaints containing only "conclusory," "vague," or "general allegations" of a conspiracy to deprive a person of constitutional rights will be dismissed. *Black v. United States*, 534 F.2d 524 (2d Cir. 1976); *Koch v. Yunich*, 533 F.2d 80 (2d Cir. 1976); *Fine v. City of New York*, 529 F.2d 70 (2d Cir. 1975); cf. *Build of Buffalo, Inc. v. Sedita*, 441 F.2d 284 (2d Cir. 1971). Diffuse and expansive allegations are insufficient,

unless amplified by specific instances of misconduct. See *Build of Buffalo v. Sedita, supra*, at 288. In this case, appellants' unsupported allegations, which fail to specify in detail the factual basis necessary to enable appellees intelligently to prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive appellants of their constitutional rights. See *Jacobson v. Organized Crime and Racketeering Section*, 544 F.2d 637 (2d Cir. 1976), cert. denied, 430 U.S. 955, 97 S.Ct. 1599, 51 L.Ed.2d 804 (1977); *Fine v. City of New York, supra*.

■ The fourth cause of action alleges that appellees have improperly threatened Louis Ostrer that, if he does not provide the Government with certain information about his business associates, they will indict, not only him, but also other members of his family for violations of the tax laws. Such a claim is premature. This court has recognized the freedom enjoyed by prosecutors in presenting evidence to grand juries, *Fine v. City of New York, supra*, at 74; and has declined to interfere with the exercise of their prosecutorial discretion by ordering Government attorneys to prosecute or not to prosecute particular individuals. *Inmates of Attica Corr. Fac. v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973). If an indictment is ultimately returned, appellants will have plenty of time to seek proof of the motives of the Government's attorney. See *United States v. Berrios*, 501 F.2d 1207 (2d Cir. 1974); *United States v. Strutton*, 494 F.2d 686 (2d Cir. 1974); cf. *Matter of Doe*, 546 F.2d 498 (2d Cir. 1976); *Martin v. Merola*, 532 F.2d 191 (2d Cir. 1976).

■ Moreover, appellants' speculations that the grand jury has insufficient evidence on which to indict them are not enough to overcome the presumption of regularity attached to grand jury proceed-

mittee on Investigations of the Committee on Government Operations, the Federal Bureau of Investigation, the New York State Department of Justice and the appellees.

2. The other counts of the complaint challenging the legality of certain evidence presented to the grand jury by appellees and charging that they

purloined a privileged attorney/client document were dismissed by the district court on the grounds that these claims were more properly raised post-indictment and that they did not present compelling reasons for disrupting the grand jury proceedings. Appellants do not appeal this ruling.

**554**

ings, *United States v. Costello*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); and, therefore, judicial interference with an ongoing investigation is unwarranted. *Calandra v. United States*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).

Accordingly, the order of the district court dismissing the complaint is affirmed.