**Assata SHAKUR, Plaintiff,**

v.

**Griffin B. BELL, Individually and as Attorney General of the United States, William H. Webster, Individually and as Director, Federal Bureau of Investigation, Norman Carlson, Individually and as Director of the United States Bureau of Prisons, Robert McGuire, Individually and as Commissioner of Police for the City of New York, State of New York, William Cuiros, Individually and as Commissioner of the Bureau of Corrections of the City of New York, State of New York, Essie Murph, Individually and as Superintendent of the Women's House of Detention of the City of New York, State of New York, William G. Connellie, Individually and as Superintendent of New York State Police and William Fauver, Individually and as Acting Commissioner of the New Jersey Department of Corrections, Defendants.**

**No. 78 Civ. 1266 (LFM).**

United States District Court,
S. D. New York.

March 30, 1978.

---

1. In its motion, plaintiff sought to recover the amount of $1,007,137.00. The Court has attempted to reconcile the figures but is unable to do so. According to the Court's calculations, the amount of $898,249.01 is the amount of liability herein.

Evelyn A. Williams, New York City, for plaintiff.

Robert B. Fiske, Jr., U. S. Atty., for the S. D. of New York by Stuart M. Bernstein, Asst. U. S. Atty., New York City, for defendants Griffin B. Bell, William H. Webster and Norman Carlson.

## OPINION

MacMAHON, District Judge.

Plaintiff Assata Shakur, convicted of murder in a New Jersey state court and now lodged at Riker's Island on a New York state detainer, brought this civil rights action, seeking, *inter alia,* to enjoin her transfer to Alderson Correctional Facility for Women ("Alderson") in West Virginia. Pursuant to Rule 65(a), Fed.R.Civ.P., Shakur moves for an order granting a preliminary injunction against her return to New Jersey custody, from whence, she alleges, she will be further transferred to Alderson.

A preliminary injunction may issue only upon a clear showing of either (1) probable success on the merits and possible irreparable injury, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in favor of the moving party. *Gresham v. Chambers,* 501 F.2d 687, 691 (2d Cir. 1974) (action under 42 U.S.C. §§ 1981 and 1983).

We fail to perceive how plaintiff will be irreparably injured by a transfer to New Jersey. She concedes that the New Jersey authorities will provide her with a hearing prior to any further transfer to Alderson, and we cannot assume that the New Jersey

authorities will act in violation of their constitutional duty to conduct such a hearing in a fair and open-minded fashion. If the New Jersey authorities act improperly, Shakur may test the legality of their administrative action in the New Jersey state and federal courts.

 Further, we perceive neither likelihood of success on the merits, nor fair grounds for litigation of the underlying constitutional questions. Her allegations of an ongoing, eight-year old conspiracy among the defendants are vague and conclusory. Compare *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir. 1977). Her claim that due process would be violated by the ultimate transfer to Alderson seems foreclosed by *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and her other constitutional claims are equally without merit in light of post-*Meachum* case law. See, *e. g., Curry-Bey v. Jackson,* 422 F.Supp. 926, 931–32 (D.D.C.1976). Furthermore, 18 U.S.C. § 5003, empowering the Attorney General to receive state prisoners pursuant to contract, is neither vague nor overbroad, and, in light of *Meachum,* cannot be read to establish a right to a pre-transfer hearing. Of course, neither the Interstate Agreement on Detainers, 18 U.S.C. App. § 1 et seq. (Supp.1977), nor the federal constitution requires a hearing prior to the transfer to New Jersey. See *Meachum v. Fano, supra.*

The foregoing shall constitute our findings of fact and conclusions of law, in accordance with Rule 52(a), Fed.R.Civ.P.

Accordingly, plaintiff's motion for a preliminary injunction is denied.

So ordered.