■ In the Matter of LITTLE FALLS CITY SCHOOL DISTRICT, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Respondent, and ARTHUR J. BREWSTER, Intervenor-Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered November 9, 1978 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul a determination of the Commissioner of Education. Arthur J. Brewster was appointed Superintendent of Schools for the Little Falls City School District (the District) on April 10, 1974, and was given a three-year contract, terminating June 30, 1977. On March 12, 1975, the District adopted a resolution replacing the existing employment contract with a five-year contract. On March 24, 1976, the District rescinded the prior employment contracts and indicated that, pursuant to section 2507 of the Education Law, Brewster would hold his office at the pleasure of the District Board of Education. On April 7, 1976, the District Board of Education suspended Brewster from his position as superintendent, and subsequently served seven specific charges upon him. On July 7, 1976, the board of education appointed Maurice Benewitz as hearing officer to hear and report on the charges. There were 12 days of hearings. On July 11, 1977, Benewitz issued a 68-page report analyzing the charges in depth. While the hearing was in progress, the first charge was withdrawn, and the hearing proceeded upon Charges Nos. 2 through 7 as follows: (2) that he abused his authority and misused public funds by unilaterally directing an increase in his own salary; (3) that he was insubordinate in refusing to return the salary increase as directed by an April 7, 1976 resolution of the board of education; (4) that he misused public funds relative to his statement of certain moving expenses; (5) that he

misused public funds by purchasing certain bookcases with "minimal" payment to the district; (6) that he violated section 75 of the Civil Service Law by publicly preferring charges "maliciously and without basis" against the District's business manager; and (7) that he tape recorded a conversation with a District employee without the employee's knowledge. The hearing officer found: that (2) and (3) were the result of bad judgment on the part of Brewster; that (4) was unsubstantiated; and that (5) was inconsequential. He found that Charges Nos. (6) and (7) had been substantiated and recommended three months' suspension without pay on those charges. On July 27, 1977, the board of education determined that all six charges had been substantiated. Although the board imposed no penalty upon the fifth charge, it imposed suspensions without pay upon Charges Nos. (2), (3) and (4), and ordered dismissal of Brewster upon Charges Nos. (6) and (7). Brewster appealed the determination to the Commissioner of Education who sustained the appeal on May 31, 1978 and directed the District to reinstate him as Superintendent of Schools, and pay him the salary he would have earned from the effective date of the termination of his services to the date of reinstatement, less any earnings he may have had from other employment. In this proceeding, the District contends that the determination was affected by an error of law, was arbitrary, capricious and an abuse of discretion as to the measure of penalty to be imposed upon Brewster. The commissioner, in his decision, found that the evidence adduced at the hearing did not support the charges of misconduct preferred against Brewster or the penalty imposed by the board of education. A valid contract was found to exist, giving Brewster a right to the prescribed salary increase, the subject of two charges of misconduct. The record also indicated that the board of education accepted and approved Brewster's claim for moving expenses. Consequently, the commissioner concluded that this could not serve as a basis for a charge of misconduct. With respect to the charge that Brewster violated section 75 of the Civil Service Law by publicly preferring charges against the District's business manager, a review of the evidence showed that no charges were, in fact, preferred by Brewster. Finally, the commissioner determined that, although Brewster tape recorded a conversation with the school custodian without the individual's knowledge, the custodian testified that he was later told of the recording and consented to its use. He also testified that, if asked, he would have consented to the tape recording of the conversation. A full review of the record supports the determination of the commissioner setting aside the board's decision to dismiss Brewster. Misconduct, as described in the charges preferred against Brewster, has not been established by the evidence and where the conduct is substantiated, it does not warrant the disciplinary action imposed by the board. Special Term held that the commissioner's determination was not arbitrary, capricious or an abuse of discretion. The test to be applied in reviewing a determination of the Commissioner of Education is whether the determination is arbitrary and capricious (*Matter of Chauvel v Nyquist,* 43 NY2d 48). Unless it can be said that the commissioner's action is without rational basis, it must be upheld (*Matter of Strongin v Nyquist,* 44 NY2d 943). Judicial review ends where a rational basis is found to exist, and a court may not overturn an agency's decision merely because it would have reached a contrary conclusion (*Matter of Pell v Board of Educ.,* 34 NY2d 222). Petitioner has failed to show that the commissioner's decision is without rational basis, and the judgment should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.