Robert H. Kundin, Cynthia L. Kundin, New Windsor, N.Y., for plaintiff.

Drake, Sommers, Loeb, Tarshis & Catania, P.C., Newburgh, N.Y., for defendants; Wallace H. Mahan III, of counsel.

**Steven E. PETTMAN, Plaintiff,**

v.

**UNITED STATES CHESS FEDERATION, E. Steven Doyle, Gerard J. Dullea, Fred Gruenberg, Jerome B. Hanken, Albert Lawrence, Defendants.**

**No. 87 Civ. 5680 (GLG).**

United States District Court,
S.D. New York.

Dec. 21, 1987.

## OPINION

GOETTEL, District Judge:

Plaintiff, a Caucasian male, alleges that he pretextually was discharged from employment by the United States Chess Federation in retaliation for his opposition to the Federation's allegedly discriminatory employment practices. He puts forth a variety of state claims. He contends that his discharge was in violation of section 296(1)(e) of the New York Human Rights Law, and further constituted a breach of express or implied contract. He also asserts seven counts of libel against the defendants. His only hook into Federal court is a civil rights claim under 42 U.S.C. § 1981, and our jurisdiction is premised on that claim. 28 U.S.C. § 1343(a)(4).

Defendants have made various substantive and jurisdictional challenges to the state claims. They also have moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Federal cause of action for failure to state a claim. If the Federal claim is dismissed, we properly

may decline to exercise jurisdiction over the state causes of action and need not address defendants' substantive and jurisdictional challenges to those claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). For the reasons that follow, we grant defendants' motion to dismiss the section 1981 claim, permitting plaintiff twenty days to replead if a comprehensible Federal cause of action exists.

## I. THE COMPLAINT

Plaintiff was hired by the defendant Federation on September 8, 1986 as its assistant director. The complaint alleges that "plaintiff was an advocate of racial minority [and women] employees as regards their rights to employment free from discriminatory practices and a workplace free from discriminatory practices." Complaint ¶¶ 13 & 14. The complaint further alleges that during the course of plaintiff's employment, defendants Gerard Dullea, the Federations' executive director, and Albert Lawrence, the Federation's associate director, "subjected plaintiff Steven E. Pettman to racially disparaging and discriminatory remarks and jokes against blacks, Jews, and Hispanics and engaged in *discriminatory behavior* at the workplace," Complaint ¶ 17 (emphasis in original), and also made "degrading and discriminatory remarks about women and engaged in *unfair and discriminatory behavior* toward women employees at the workplace." Complaint ¶ 18 (emphasis in original). On February 25, 1987, plaintiff wrote to the Federation's "policy board protesting and opposing defendant Dullea's practice of making racially derogatory comments." Complaint ¶ 20. Plaintiff was fired on March 3, allegedly "in retaliation for his opposition to defendants' discriminatory practices." Complaint ¶ 21. The complaint on the Federal count concludes: "As a result of the willful actions of the defendants, plaintiff has been deprived of his civil rights in violation of 42 U.S.C. Section 1981." Complaint ¶ 28.

## II. DISCUSSION

Section 1981 provides, *inter alia*, that "[a]ll persons ... shall have the same right in every State and Territory to make and enforce contracts, ... and to the full and equal benefit of all laws ... as is enjoyed by white citizens...." Because section 1981 was enacted pursuant to Congress's broad authority to give force to the thirteenth amendment, its applicability does not depend on state action, *Runyon v. McCrary*, 427 U.S. 160, 168–75, 96 S.Ct. 2586, 2593–94, 49 L.Ed.2d 415 (1976), and the statute specifically has been held to afford "a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975). In addition, this circuit has held that whites have standing to sue under section 1981 for injuries resulting from retaliation for their activities in vindicating the section 1981 rights of others. *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 312 (2d Cir.1975) (relying on *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 237, 90 S.Ct. 400, 404, 24 L.Ed.2d 386 (1969)). As a *DeMatteis* action, then, this complaint can survive only if it can be construed to support a claim that plaintiff was fired by the Federation because of his actions in advocating the section 1981 rights of others. We find that this complaint, as presently constructed, cannot withstand scrutiny under Rule 12(b)(6).

First, the complaint badly misunderstands the nature and scope of section 1981. Section 1981 does *not* proscribe gender-based discrimination. *Runyon*, 427 U.S. at 167, 96 S.Ct. at 2592. Accordingly, plaintiff cannot vindicate the gender-based, section 1981 rights of others since there are no such rights. Consequently, that part of plaintiff's section 1981 claim which rests on the Federation's alleged discrimination toward women is dismissed.

Second, the complaint charges retaliation for plaintiff's protest of alleged race-based discrimination against "blacks, Jews, and Hispanics." This court is not prepared at this time to say that Hispanics constitute a race for purposes of protection under section 1981, a proposition with which we have

certain reservations.[1] We recognize that some courts have so found. The issue, however, is apparently one of first impression for this circuit. Regardless, it is an issue we need not reach since, even assuming Hispanics constitute a race for section 1981 purposes, the Federal claim remains so facially deficient that it must be dismissed in its present form.

■ We recognize that under the current Federal Rules of Civil Procedure, "notice pleading" generally is sufficient. *Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957). That said, we hasten to remind plaintiff and his counsel that even notice pleading is not without its requirements. Plaintiff still must provide "short and plain statement[s] of the grounds upon which the court's jurisdiction depends ... [and] of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a). We think it especially important that these minimal requirements be vigilantly adhered to in a civil rights case. Leveling charges of racial discrimination against anyone carries serious consequences, consequences distinctly different, for example, from those attaching when one is charged with a garden-variety tort or breach of contract.[2] The court needs some guidance from the complaint to determine the prima facie substance to such a claim. At a minimum, therefore, the requirements of Rule 8 must scrupulously be observed in a civil rights pleading.[3]

One court in this circuit has posited that a particularity exception to the general rule of notice pleading exists in civil rights cases. We find that court's reasoning instructive:

> The reason for this exception is clear.... A substantial number of [civil rights] cases are frivolous or should be litigated in State courts; they all cause defendants—public officials, policemen and citizens alike—considerable expense, vexation and perhaps unfounded notoriety. It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the doors of the federal courts open to legitimate claims.

*Valley v. Maule,* 297 F.Supp. 958, 960–61 (D.Conn.1968). *See generally* 2A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶ 8.17[4] (2d ed. 1987 & Supp.1986–87) (discussing civil rights pleading requirements and inroads made by "fact pleading").

Whether or not an outright exception requiring greater specificity of civil rights pleadings should be (or, de facto, has been) adopted in this circuit is a matter we leave, at least for now, to the Second Circuit Court of Appeals. That court clearly has stated, however,

> that complaints containing only "conclusory," "vague," or "general allegations" of a [deprivation] ... of constitutional rights will be dismissed. Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.... [U]nsupported allegations, which fail to specify in detail the factual basis necessary to enable [defendants] intelligently to prepare their defense, will not suffice....

---

1. Whatever reservations this court had as to those of the Jewish faith constituting a race for purposes of section 1981 were resolved by the Supreme Court's decision in *Shaare Tefila Congregation v. Cobb,* —— U.S. ——, 107 S.Ct. 2019, 2022, 95 L.Ed.2d 594 (1987), which held that Jewish people constitute a cognizable racial group under 42 U.S.C. § 1982 (a sister provision to section 1981 and adopted pursuant to the thirteenth amendment). In a companion case, the Court held that racial classes for purposes of section 1981 constitute "identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Saint Francis College v. Al-Khazraji,* —— U.S. ——, 107 S.Ct. 2022, 2028, 95 L.Ed.2d 582 (1987). Whether or not the broad characterization "Hispanic" falls within the parameters of that definition is unclear.

2. In fact, we think an allegation of racial discrimination, and the consequences attendant thereto, may be as serious as accusing someone of fraud. The circumstances constituting an alleged fraud, of course, must be pleaded with "particularity." Fed.R.Civ.P. 9(b).

3. Of course, our reading of the complaint might be less scrupulous if it were filed *pro se. Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Such is not the circumstance in the case at bar.

*Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977) (per curiam) (citations omitted). Further, in a civil rights retaliation case somewhat similar to the claim at bar, this circuit affirmed a Rule 12(b)(6) dismissal, holding: "Mere conclusory allegations do not provide an adequate basis for the assertion of a [civil rights] claim.... The complaint in the instant action presents no facts to support the allegation...." *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck,* 463 F.2d 620, 623 (2d Cir.1972), *cert. denied,* 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973). Whether or not *Ostrer* or *Schreck* created an exception to notice pleading or reintroduced some form of fact pleading in civil rights cases, the spirit and letter of those holdings clearly have not been adhered to in this complaint.

■ In this case, as noted *supra,* plaintiff can maintain a section 1981 action for retaliatory discharge only if he can show that he was vindicating the section 1981 rights of others. *DeMatteis,* 511 F.2d at 312. This complaint's vague and conclusory assertions about "disparaging and discriminatory remarks and jokes" and "discriminatory behavior at the workplace" do not provide this court with a basis for determining if plaintiff is entitled to relief on the grounds asserted. What specific, section 1981 rights was he vindicating? How and when were those rights being violated? Who were the violators? For the reasons articulated above, we cannot in good conscience, nor as a matter of law, allow a civil rights claim to proceed based on the gross generalizations asserted in this complaint.

Indeed, the papers filed pursuant to this motion make clear the sound reasons for our strict adherence to the holdings of *Ostrer* and *Schreck.* Those papers seem to suggest that one or two "discriminatory jokes" may have been told, involving tasteless references to Jewish or black people, that serve as the basis of plaintiff's claim (although obviously we are speculating since the complaint itself is unclear). Plaintiff's brief on the instant motion cites *Rogers v. EEOC,* 454 F.2d 234, 238 (5th Cir.1971), *cert. denied,* 406 U.S. 957, 92 S.Ct. 2058, 32 L.Ed.2d 343 (1972), a Title VII case, for the proposition that racially-motivated slurs and jokes may so pollute the work environment as to constitute discriminatory behavior within the reach of section 1981. We do not comment at this time on the correctness of that conclusion. Evidence suggesting a pervasive pattern of racial slurs and the like in the workplace may or may not constitute actionable behavior under section 1981. We note, however, that Judge Goldberg made clear in the *Rogers* opinion that he did "not wish to be interpreted as holding that an employer's mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee falls within the proscription of [Title VII]." *Id. See also Cariddi v. Kansas City Chiefs Football Club, Inc.,* 568 F.2d 87, 88 (8th Cir.1977) (finding derogatory ethnic comments made in casual conversation not so excessive and opprobrious as to constitute Title VII violation). In an effort to provide plaintiff and his counsel with guidance on this issue should they choose to replead, we advise them that this court would not find a claim based on an isolated racial reference or "joke" to constitute a sufficient cause of action under section 1981, no matter how distasteful this court finds that brand of "humor." [4]

## CONCLUSION

For all the foregoing reasons, defendants' motion to dismiss the Federal cause of action is granted. We decline to exercise jurisdiction over plaintiff's pendent state claims consistent with *Gibbs,* 383 U.S.

---

**4.** Of course, the section 1981 rights that plaintiff allegedly sought to vindicate must have been violated with discriminatory intent. *Firefighters Local Union No. 1784 v. Stotts,* 467 U.S. 561, 583 n. 16, 104 S.Ct. 2576, 2590 n. 16, 81 L.Ed.2d 483 (1984). Thus, even if a revised pleading based on a racial "joke(s)" could survive a Rule 12(b)(6) motion, plaintiff ultimately must make some showing of discriminatory intent behind the alleged section 1981 violation(s). Racial "jokes" have been an unfortunate aspect of life on this planet from time immemorial, but whether the telling of such "jokes" is sufficient, as a matter of law, to allow an inference of discriminatory intent is an issue which should give any good plaintiff's attorney pause.

at 726, 86 S.Ct. at 1139. Plaintiffs are given leave to replead (complete with any legitimate pendent claims) within twenty days if a comprehensible Federal cause of action exists, but he and his counsel are cautioned to bear in mind the requirements and sanctions of Rule 11.[5] We hasten to remind plaintiff and his counsel that the ever-burgeoning Federal caseload—bloated in no small part by frivolous and spurious civil rights claims—constantly impedes our ability to devote the needed time and attention to those injustices that section 1981 and its relations truly were designed to remedy.

SO ORDERED.

---

5. Just several days before oral argument on this motion, plaintiff notified the court of his intention to amend the complaint, pursuant to Rule 15(a), to include claims under 42 U.S.C. §§ 1985(3) & 1986. Plaintiff, of course, should he choose to replead, may include these and whatever new or additional charges he desires, consistent with sound Federal practice and procedure.